

FILED

2017 May-16  PM 03:02
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## JASPER DIVISION

| | |
|---|---|
| **JUDY TURNER AS EXECUTOR OF THE ESTATE OF WILLIAM MCLEROY,** *et al.* | ) ) ) ) ) |
| **Plaintiffs,** | ) ) |
| **v.** | ) **Case No.:** _____ ) |
| **JPMORGAN CHASE BANK,** *et al.* | ) ) ) |
| **Defendants.** | ) |

## <u>DEFENDANT SPECIALIZED LOAN SERVICING, LLC'S</u>
## <u>NOTICE OF REMOVAL</u>

Pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, Defendant

Specialized Loan Servicing, LLC (hereinafter "SLS"), while fully reserving its

right to object to service, jurisdiction, and venue, and without waiving any of its

other defenses or objections, removes this civil action, which was originally filed

in the Circuit Court of Walker County, Alabama. The specific grounds for removal

are as follows:

## <u>BACKGROUND</u>

1. On April 11, 2017, Plaintiffs Judy Turner and Donald Ray Henderson,

Jr. (hereinafter collectively "Plaintiffs") filed a Complaint in the Circuit Court of

Walker County, Alabama, naming SLS and JPMorgan Chase Bank, N.A. (hereinafter "Chase") as defendants.

2.     This Notice of Removal is filed on behalf of SLS.  Chase has expressly consented to the removal of this action and will file, immediately following removal, a separate joinder acknowledging same.  *See* 28 U.S.C. § 1446(b)(2)(A).

3.     Plaintiffs' Complaint asserts violations of RESPA, Regulation X, FDCPA, and state law causes of action arising out of William McLeroy's mortgage and property that he sold to Donald Ray Henderson, Jr.

## TIMELINESS OF NOTICE OF REMOVAL

4.     On April 17, 2017, Plaintiffs served SLS with the Complaint. Because SLS is filing this Notice of Removal within 30 days of being served with the Complaint, the Notice is timely under 28 U.S.C. § 1446(b)(1).

## FEDERAL QUESTION JURISDICTION

5.     This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

6.     In their Complaint, Plaintiffs assert claims for violations of RESPA, Regulation X, and the FDCPA.

7.     "[A] civil action filed in a state court may be removed to federal court if the claim is one 'arising under' federal law." Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003). This Court has jurisdiction under 28 U.S.C. § 1331 because

Plaintiffs assert violations of RESPA, Regulation X, and the FDCPA. <u>Boone v. JP Morgan Chase Bank</u>, 447 F. App'x 961, 963 (11th Cir. 2011) ("Here, removal to federal court was proper because the district court had subject-matter jurisdiction based on the alleged violations of federal statutes including TILA, RESPA, and FDCPA.").

<u>**DIVERSITY JURISDICTION**</u>

8.     This Court also has jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

**A.     Diversity Of Citizenship**

9.     Plaintiffs are citizens of Alabama.

10.     SLS is a limited liability company.  For purposes of diversity, the citizenship of a limited liability company is determined by considering the citizenship of all the members. <u>Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.</u>, 374 F.3d 1020, 1022 (11th Cir. 2004).  SLS is a Delaware limited liability company, and thus is a citizen of every state of which its members are citizens. <u>Id.</u> SLS is wholly owned (one member) by its parent company, Specialized Loan Servicing Holdings LLC, a Delaware limited liability company, which in turn is wholly-owned (one member) by its parent company, Computershare Mortgage Services, LLC, a Delaware limited liability company,

which in turn is wholly-owned (one member) by its parent company, Computershare US Investments, LLC, a Delaware limited liability company, which in turn is wholly-owned (one member) by its parent company, Computershare Holdings, Inc., a Delaware Corporation, with its principal place of business in Chicago, Illinois. Accordingly, SLS and its parent companies are citizens of Delaware and Illinois for diversity purposes.

11.     Chase is a national banking association organized under the laws of Ohio with its main office in Columbus, Ohio. For the purposes of establishing diversity, Defendant Chase is considered a citizen of Ohio. 28 U.S.C. § 1348; Wachovia Bank v. Schmidt, 546 U.S. 303, 318 (2006) ("[O]ne would sensibly 'locate' a national bank for the very same purpose, i.e., qualification for diversity jurisdiction, in the State designated in its articles of association as its main office.").

12.     Accordingly, this Court has jurisdiction because complete diversity exists between the parties. 28 U.S.C. § 1332(a)(1).

## B.     The Amount In Controversy Is Satisfied

13.     Plaintiffs failed to specify a monetary demand in their Complaint. Where the amount is not "clearly on the face of documents before the court," the amount in controversy requirement can be satisfied when the jurisdictional amount can be determined from documents submitted with the Notice of Removal.

Lowery v. Alabama Power Co., 483 F.3d 1184, 1211 (11th Cir. 2007).  To ascertain the amount in controversy, the Court should consider the Notice of Removal and SLS's other evidence, which can include both documents received from the plaintiff and its own evidence.  Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 756 (11th Cir. 2010). This Court can use deduction, inference, or other extrapolation.  Id. at 754.  SLS "is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it."  Id.

14.  Plaintiffs request, among other relief, compensatory damages, punitive damages, and statutory damages.  (Compl., p. 15.)  The insurance proceeds at issue in this case total $80,127.09 and the payoff on the loan at issue totals $93,190.45.  (Ex. 1). Therefore, Plaintiffs' demand for compensatory damages, standing alone, exceeds the $75,000.00 jurisdictional minimum.  28 U.S.C. § 1332(a)(1).

## SUPPLEMENTAL JURISDICTION

15.  In addition to federal question under Section 1331 and diversity jurisdiction under Section 1332, this Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367. Supplemental jurisdiction over such claims exists when the state law claims are so related to the federal claims that they form part of the same case or controversy, or are based on a "common nucleus of operative fact." Parker v. Scrap Metal Processors, Inc., 468

F.3d 733, 742-43 (11th Cir. 2006). Plaintiffs' state law claims are based on the same set of operative facts that form the basis for their federal claims and, therefore, the state law claims are part of the same case or controversy.

## VENUE

16.    Under 28 U.S.C. § 1441(a), this action may be removed to the district court and division embracing the place where the state court action is pending. Venue for this removal is, therefore, proper in the United States District Court for the Northern District of Alabama, Jasper Division, as this is the district embracing Walker County, Alabama—the location of the pending state court action.

## PROCEDURAL COMPLIANCE

17.    Pursuant to 28 U.S.C. § 1446(a), a copy of all pleadings and orders in the state court record, including "all process, pleadings and orders served upon" SLS through this date, are attached hereto as Exhibit 2.

18.    Pursuant to 28 U.S.C. § 1446(d), upon filing this Notice of Removal, SLS will send written notice and a copy of the Notice of Removal to the Plaintiffs and will file a copy of the Notice of Removal with the Circuit Clerk for Walker County, Alabama.  A copy of the state court filing will subsequently be filed as Exhibit 3 to this Notice of Removal.

WHEREFORE, SLS prays that this Notice of Removal be deemed good and sufficient, that Plaintiffs' Complaint be removed from the Circuit Court of Walker

County, Alabama to this Court for trial and determination as provided by law, and that this Court enter such orders and issue such process as may be proper to bring before it copies of all records and proceedings in this civil action from said state court and thereupon proceed with this civil action as if it had originally been commenced in this Court.


/s/ T. Dylan Reeves
Christopher A. Bottcher
T. Dylan Reeves
Attorney for Specialized Loan Servicing, LLC

**OF COUNSEL:**

McGlinchey Stafford
505 North 20th Street, Suite 800
Birmingham, AL  35203
(205) 725-6400 (telephone)
(205) 725-6403 (direct)
(205) 623-0810 (facsimile)
cbottcher@mcglinchey.com
dreeves@mcglinchey.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I filed the foregoing with the Clerk of the Court via CM/ECF for delivery on May 16, 2017, which will send notification of this filing to the following:

John G. Watts
M. Stan Herring
Watts & Herring, LLC
The Kress Building
301 19th Street North
Birmingham, AL 35203
*Attorneys for Plaintiffs*

John David Collins
Maynard Cooper & Gale
1901 Sixth Avenue North
Regions Harbert Plaza
Suite 2400
Birmingham, AL 35203
*Attorney for JPMorgan Chase*

/s/ T. Dylan Reeves
Of Counsel

# EXHIBIT 1

February 27, 2017

Specialized Loan Servicing LLC        Sirote & Permutt, PC
PO Box 630147                         PO Box 55727
Littleton, CO  80163                  Birmingham, AL  35255

Loan Number        1987590864
Re:                William McLeroy
Property Address   5993 Snowville Brent Rd., Dora, AL  35062

Please accept this letter under RESPA, TILA, FDCPA and any and all state and federal laws

Please accept this letter as a Notice Of Error.

On 9/09/16 Specialized Loan Servicing issued a Pay Off total amount due in the amount of
$93,190.45.  This payoff amount did not indicate what happened to the $80,127.09.

I believe this payoff was sent in error as it requested a payoff amount that did not reflect the
funds of $80,127.09.  Please investigate and tell me why Specialized Loan Servicing was asking
for more money than was actually due on this loan.

Please also send me all investigative material used in your investigation.

Please remember that Mr. McLeroy is deceased and I, Judy Turner am the executor of the estate.
Donald Ray Henderson, Jr., is the buyer of the property.

Please send your responses to me and Mr. Henderson at my designated address which is PO Box
546, Sumiton, AL  35148.


*Judy Turner*                          *Donald Ray Henderson*

Judy Turner                            Donald Ray Henderson, Jr.

Enclosure:  09/09/16 PayOff

# EXHIBIT 2



ELECTRONICALLY FILED
4/12/2017 11:31 AM
64-CV-2017-900135.00
CIRCUIT COURT OF
WALKER COUNTY, ALABAMA
SUSAN ODOM, CLERK

## IN THE CIRCUIT COURT OF WALKER COUNTY, ALABAMA

| | |
|---|---|
| **JUDY TURNER AS EXECUTOR OF THE ESTATE OF WILLIAM MCLEROY; DONALD RAY HENDERSON, JR., an individual,** ) ) ) ) ) | |
| **Plaintiffs,** ) | **Civil Action No.:** |
| ) | |
| **v.** ) | |
| ) | **JURY DEMAND** |
| **JPMORGAN CHASE BANK, a Corporation; SPECIALIZED LOAN SERVICING, LLC, a Corporation, and Fictitious defendants A-Z are those defendants who caused or are responsible for the harm done to Plaintiffs.** ) ) ) ) ) ) ) ) ) | |
| **Defendants.** ) | |

## COMPLAINT

**COME NOW** the Plaintiffs Judy Turner as Executor of the Estate of William McLeroy and Donald Ray Henderson, Jr. (hereinafter "Plaintiffs") by and through their attorneys of record and file Plaintiffs' Complaint against Defendants and states as follows:

### JURISDICTION AND VENUE

1.  This is an action brought by a consumer for violations of the Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq. [hereinafter "FDCPA"]),

and the Real Estate Settlement Procedures Act[1], 12 U.S.C. § 2605 ("RESPA") and state law by the Defendant including an **illegally scheduled foreclosure on April 12, 2017**.

2.      Venue is proper in this Court as Plaintiffs reside in this County and all Defendants do business in this County.

## PARTIES

3.      The Plaintiff, Judy Turner as Executor of the Estate of William McLeroy (hereinafter "Plaintiffs").

4.      The Plaintiff, Donald Ray Henderson, Jr., (hereinafter "Plaintiffs"), is a natural person who resides within this County.   Donald purchased the property at issue from William McLeroy.

5.      Defendant JPMorgan Chase Bank ("Defendant" or "Chase") in this action is a foreign corporation doing business in this County, and is considered a "servicer" under RESPA and is considered a debt collector under the FDCPA as it was assigned the debt at issue when the debt was allegedly in default and its in the business of collecting defaulted debts owned by others.

6.      Defendant Specialized Loan Servicing, LLC ("Defendant" or "SLS") in this action is a foreign corporation doing business in this County, and is considered a "servicer" under RESPA and is considered a debt collector

---

[1] Any reference the FDCPA or RESPA or any part thereof encompasses all relevant parts and subparts thereto.

under the FDCPA as it was assigned the debt at issue when the debt was allegedly in default and its in the business of collecting defaulted debts owned by others.

7.    Fictitious defendants A-Z are those defendants who caused or are responsible for the harm done to Plaintiff.  Any reference to "Defendant" or "Defendants" or "Defendant Chase" or "Defendant SLS" includes all fictitiously described defendants as well.

## FACTS

8.    RESPA applies to Defendants Chase and SLS and to the loan at issue in this case.

9.    The FDCPA is a federal law that applies to debt collectors such as Defendants Chase and SLS.

10.    It prohibits deceptive conduct of any type as well as harassing or unfair conduct, even on debts that are owed.

11.    Here, Defendants made false statements to and their conduct can only be described as unfair and harassing.

12.    The strict liability FDCPA has been repeatedly violated by Defendants.

13.    Defendants are collecting on and have illegally threatened foreclosure on Plaintiffs' property on a number of occasions but most recently has **scheduled an illegal foreclosure on April 12, 2017**.

3

14.   At some point Defendants Chase and SLS began to allegedly service the loan, after it as allegedly in default.

15.   A loss was suffered on the house and insurance paid money to Defendants[2].

16.   Defendants wrongfully, for many months, have held and converted the specific money owed to Plaintiffs from the loss.

17.   This money was to be used to rebuild the house or pay off the loan.

18.   William McLeroy and the Plaintiffs have repeatedly told Defendants to pay off the loan.

19.   Defendants have refused to do so and instead have added illegal fees, charges, and have desired to foreclose to steal the property.

20.   Plaintiffs have sent numerous letters to Defendants Chase and SLS under the "Request for Information" and "Notice of Error" provisions of RESPA in Regulation X that came into effect January 2014.

21.   These letters sought legitimate servicing information and made request to Defendants Chase and SLS to fix servicing errors.

22.   The purpose of the letters is to gain information as Plaintiffs had many unanswered questions that the Defendants refused to answer.  The letters require Defendants to answer service related questions.

---

[2] Defendants have acted jointly and as agents for each other such that Plaintiffs refer to the Defendants collectively.

23.   The letters also allow consumers such as Plaintiffs to request mortgage companies, such as Defendants, to fix errors.

24.   This has the benefit of fixing errors without litigation – instead Defendants are alerted to problems and given an opportunity to fix those problems.

25.   The advantage to the Defendants of this law is it allows them to be notified of requests for information and also to be put on notice of any errors so they can fix them without being sued.

26.   In the present case, a great example exists of what happens when these letters are ignored, are not properly answered, and no corrective action occurs.

27.   The Plaintiffs incurred actual expenses, costs and damages including, but not limited to, the postage costs of mailing the letters, gas money, mileage money travelling to the post office, and other costs and expenses and damages that will be identified in discovery.

28.   These letters were mailed to the address specified by Defendants Chase and SLS to receive Request for Information and Notice of Error letters.

29.   Defendants Chase and SLS failed to properly acknowledge, failed to properly respond, and/or failed to comply with the requirements imposed on it under the law with respect to the letters.

30.    Defendants Chase and SLS have a <u>pattern and practice</u> of failing to properly respond to Request for Information and Notice of Error letters from consumers such as the Plaintiff.

31.    This allegation is supported by numerous other suits and complaints (including those listed at the CFPB Consumer Complaint Database at <u>http://www.ConsumerFinance.gov/ComplaintDatabase/</u>) against Defendants and by the repeated refusal by Defendant Defendants to follow the law on these letters.

32.    This is not an oversight on the part of Defendants Chase and SLS but instead is a deliberate and calculated plan in an effort to thwart the protections offered to consumers such as Plaintiffs when dealing with an alleged mortgage loan.

33.    Defendants Chase and SLS believe that very few, if any, consumers will take action based upon its refusal to properly and timely respond to letters sent to it pursuant to Regulation X.

34.    Defendants CHASE and SLS continue to send false and illegally threatening monthly mortgage statements.

35.    The actions and inactions of Defendants Chase and SLS violate the FDCPA and RESPA.

36.    The loan at issue is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

37.     Plaintiffs allege the debt was in default at the time the servicing rights were allegedly assigned or transferred to Defendants.

38.     Defendants are considered "debt collectors" and began engaging in debt collection activities against Plaintiffs.

39.     Misrepresentations were made regarding the character, amount, or legal status of the debt.

40.     The amount of the debt, the amount of fees and charges, were incorrect and not supported by the law and by the note and mortgage.

41.     The threatened foreclosure and other collection activities are illegal and constitute a threat to take action which Defendants Chase and SLS were not legally entitled to take or had no intention of taking.

42.     The threatened foreclosure and other illegal collection activities are not authorized by the contract giving rise to the alleged debt.

43.     Defendants Chase and SLS used false representations and/or deceptive means to collect on this debt.

44.     The collection methods employed by Defendants Chase and SLS were harassing and illegal.

45.     As a direct result of the acts complained of against each Defendant, Plaintiffs have been caused to suffer, and will continue to suffer great mental

anguish, damage to Plaintiffs' reputation, economic and emotional damages and claim from all Defendants all damages allowable under the law.

46. All employees and agents of each Defendant acted with the line and scope of their employment and/or agency relationship.

47. No Defendant has apologized to Plaintiffs for its misconduct against Plaintiffs.

48. There is no right to foreclose and Plaintiffs request this Honorable Court rule that Defendants have no such right to foreclose.

## COUNT I

## VIOLATIONS OF RESPA BY DEFENDANTS

49. All paragraphs of this Complaint are incorporated as if fully set forth herein.

50. Defendants Chase and SLS failed to confirm or otherwise acknowledge receipt of all of the Request for Information and Notice of Errors from Plaintiff.

51. Substantive responses are required to be sent to Plaintiffs by Defendants within thirty (30) business days of receipt of the notices of error and requests for information. Defendants CHASE and SLS have not provided the Plaintiffs with a substantive response to all of the multiple requests for information and notice of error letters received by Defendants CHASE and SLS.

52.    Defendants CHASE and SLS in this case has exhibited a pattern and practice of failing to comply with the Regulations as it failed to comply with multiple letters from Plaintiffs and have been sued for failing to respond to other similar requests under Regulation X, including qualified written requests[3].

53.    As a result of this lack of compliance by the Defendants, they are liable to Plaintiffs for actual damages, statutory damages for each violation, costs and attorneys fees.

54.    The violations of the law by Defendants have resulted in mental anguish, emotional distress, financial loss, damage to credit, and other damages that will be identified in discovery.

## COUNT II

## VIOLATIONS OF THE FDCPA BY DEFENDANTS

55.    All paragraphs of this Complaint are incorporated as if fully set forth herein.

56.    Defendants violated the entirety of the FDCPA including, but not limited to, Sections 1692d, 1692e, 1692e(4), 1692e(5), 1692e(8),  1692e(10), 1692f, 1692f(1), and1692f(6) as set forth in this Complaint.

57.    As a result of each Defendant's violations of the FDCPA, Plaintiffs are entitled to actual damages; statutory damages; and reasonable attorney's fees, expenses and costs from Defendants.

---

[3] Qualified Written Requests still exist but for practical purposes have been replaced with requests for information and notices of errors.

## COUNT III

## BREACH OF CONTRACT BY ALL DEFENDANTS

58. All paragraphs of this Complaint are incorporated as if fully set forth herein.

59. Defendants had a contract with Plaintiffs but Defendants breached any and all contracts with Plaintiffs.

60. Plaintiffs have performed under the contracts.

61. As a result of Defendants' breach of contract, Plaintiffs are entitled to actual damages; statutory damages; and reasonable attorney's fees, expenses and costs from Defendants.

## COUNT III

## CONVERSION/TRESPASS TO CHATTELS BY DEFENDANTS

62. All paragraphs of this Complaint are incorporated as if fully set forth herein.

63. Defendants have and continue to have illegal possession, control and dominion over a sum certain of money that belongs to Plaintiffs.

64. Defendants wrongfully converted personal property and/or trespassed against chattel that belonged to Plaintiffs.

65. The conduct of Defendants was a proximate cause of the damages set forth in this Complaint.

## COUNT IV

## NEGLIGENT, WANTON, AND/OR INTENTIONAL HIRING AND SUPERVISION OF INCOMPETENT DEBT COLLECTORS BY DEFENDANTS

66.   All paragraphs of this Complaint are incorporated as if fully set forth herein.

67.   Defendants' collectors are allowed and encouraged to break Alabama law in order to collect debts.

68.   Defendants are aware of the wrongful conduct of its agents and/or employees.

69.   Defendants negligently, wantonly, and/or intentionally hired, retained, or supervised incompetent debt collectors, who were allowed or encouraged to violate the law as was done to Plaintiffs, and Defendants are thereby responsible to the Plaintiffs for the wrongs committed against Plaintiffs and the damages suffered by Plaintiffs.

## COUNT V.

## NEGLIGENT AND/OR WANTON CONDUCT BY DEFENDANTS

70.   All paragraphs of this Complaint are incorporated as if fully set forth herein.

71.   Defendants had a duty, and assumed a duty, to treat Plaintiffs fairly and with reasonable care.

72. Defendants had a duty, and assumed a duty, to not unreasonably cause harm to Plaintiffs when it began to collect against Plaintiffs and threaten foreclosure.

73. Defendants violated all of the duties Defendants had and such violations were made wantonly.

74. This is especially true as there is not even a contract between Defendants and Plaintiffs.

75. It was foreseeable, and Defendants did in fact foresee it, the actions of Defendants would lead and did lead to the exact type of harm suffered by Plaintiffs.

## COUNT VI.

## INVASION OF PRIVACY BY DEFENDANTS

76. All paragraphs of this Complaint are incorporated as if fully set forth herein.

77. Alabama law recognizes Plaintiffs' right to be free from invasions of privacy and Defendants violated Alabama state law as described in this Complaint.

78. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

**Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

79.     Congress further recognized a consumer's right to privacy in financial data
in passing the Gramm Leech Bliley Act, which regulates the privacy of
consumer financial data for a broad range of "financial institutions"
including debt collectors (albeit without a private right of action), when it
stated as part of its purposes:

> It is the policy of the Congress that **each financial institution
> has an affirmative and continuing obligation to respect the
> privacy of its customers** and to protect the security and
> confidentiality of those customers' nonpublic personal
> information.

15 U.S.C. § 6801(a) (emphasis added).

80.     Defendants and/or its agents intentionally, recklessly, and/or negligently
interfered, physically or otherwise, with the solitude, seclusion and or
private concerns or affairs of the Plaintiffs, namely, by repeatedly and
unlawfully attempting to collect a debt and thereby invaded Plaintiffs'
privacy.

81.     Defendants and its agents intentionally, recklessly, and/or negligently caused
emotional harm to Plaintiffs by engaging in highly offensive conduct in the
course of collecting this debt including threatening to take Plaintiffs'
property, taking Plaintiffs' money and all other wrongful acts which will

come to light in discovery, thereby invading and intruding upon Plaintiffs' right to privacy.

82. This includes the false credit reporting by Defendants on Plaintiffs' credit reports (which was made with malice, wantonness, and/or recklessness), the threats to foreclose, the illegal debt collection, and all other wrongful acts of Defendants as outlined in this Complaint and as will be proven at trial.

83. The plan and scheme carried out by Defendants exceeded the bounds of reasonableness that govern the collection of debts, as there is no right to collect this non existent debt and no right to threaten to foreclose.

84. Plaintiffs had a reasonable expectation of privacy in Plaintiffs' solitude, seclusion, private concerns or affairs, and private financial information.

85. The conduct of Defendants and its agents, in engaging in the above-described illegal collection conduct against Plaintiffs, resulted in multiple intrusions and invasions of privacy by the Defendants which occurred in a way that would be highly offensive to a reasonable person in that position.

86. Plaintiffs are entitled to actual damages in an amount to be determined at trial from Defendants.

87. All invasions of privacy acts of Defendants and its agents and/or employees were committed with malice, intent, wantonness, and/or recklessness and as

such Defendants is subject to punitive damages as well as nominal and compensatory damages.

## **RELIEF REQUESTED**

**WHEREFORE,** Plaintiffs having set forth his claims for relief against each Defendant, respectfully prays of the Court as follows:

a.    That Plaintiffs have and recover against each Defendant a sum to be determined by a jury in the form of actual/compensatory damages; nominal damages; punitive damages; and statutory damages;

b.    That each Defendant be enjoined from further violations of the law against Plaintiffs;

c.    This Honorable Court rule that there is no right to foreclose by Defendants;

d.    That Plaintiffs have reasonable attorney's fees, costs, expenses; and

e.    That Plaintiffs have such other and further and proper relief as the Court may deem just and proper.

Respectfully Submitted,

/s/John G. Watts
John G. Watts (WAT056))
M. Stan Herring (HER037)
**Watts & Herring, LLC**
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattsherring.com
stan@wattsherring.com
**Attorneys for Plaintiffs**

## PLAINTIFFS DEMAND A TRIAL BY JURY IN THIS CAUSE.

/s/John G. Watts
**Attorney for Plaintiffs**

**Please serve Defendants by certified mail at the following addresses:**

JPMorgan Chase Bank
c/o CT Corporation System
2 North Jackson St., Suite 605
Montgomery, Alabama 36104

Specialized Loan Servicing, LLC
c/o Capitol Corporate Services, Inc.
2 North Jackson St., Suite 605
Montgomery, Alabama 36104

**SENDER:** *COMPLETE THIS SECTION*

*COMPLETE THIS SECTION ON DELIVERY*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

A. Signature

X _____

☐ Agent
☐ Addressee

B. Received by *(Printed Name)*    C. Date of Delivery

1. Article Addressed to:

CV17-900135

Specialized Loan Services LLC

C/o Capital Corp Services

2 N Jackson St. Ste 605

Montgomery, AL 36104

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No



9590 9402 2377 6249 3570 29

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

2. Article Number *(Transfer from service label)*

7017 0660 0000 7732 5421

PS Form 3811, July 2015 PSN 7530-02-000-9053

Domestic Return Receipt

**SENDER: COMPLETE THIS SECTION**

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to: CV 17-900135

JPMorgan Chase Bank

C/o CT Corp System

2 N Jackson St

Montgomery, AL 36104

9590 9402 2377 6249 3570 36

2. Article Number *(Transfer from service label)*

7017 0660 0000 7732 5445

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☐ Agent
☐ Addressee

B. Received by *(Printed Name)*    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:      ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ ___ail
☐ ___ail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt